IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN PALOZIE, Inmate #11882-014, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) CIVIL NO. 06-128-DRH ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This action comes before the Court on Petitioner's Petition for a Writ of Error Coram Nobis (Doc. 1). Petitioner, an inmate at the United States Penitentiary in Marion, Illinois, attempts to challenge his criminal conviction in the United States District Court for the District of Connecticut. He lists a number of alleged errors that occurred at his June 17, 1998 sentencing (*see United States v. Palozie*, Case No. 3:94-CR-001310-AVC (D. Conn., filed June 28, 1994)) and suggests that because of the errors and the ineffective assistance of counsel he received, the writ should be granted and his sentence vacated.

Writs of error coram nobis "are limited to former prisoners who seek to escape the collateral civil consequences of wrongful conviction." *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000). A petitioner still in federal custody must rely upon 28 U.S.C. § 2255 to challenge his conviction or sentence and cannot use the writ of error coram nobis to escape the procedural restrictions imposed by section 2255. *Id.*

Because this Court is not the federal court that entered judgment in the challenged criminal

case, this Court has no jurisdiction to address the merits of any of Petitioner's claims. These challenges should be brought in the sentencing court pursuant to section 2255.

Based on the foregoing, this action is summarily **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED:** March 22, 2006.

/s/   David   RHerndon
**DISTRICT JUDGE**